[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON EFFECT OF FINDINGS MADE IN CONNECTION WITH CROSS MOTIONS FOR SUMMARY JUDGMENT
On January 3, 2001, the parties in the above captioned case filed a pre-trial joint motion in limine concerning the effect of certain findings made by Judge Munro, who decided cross motions for summary judgment while the case was pending in the housing session. It appeared from the motion that both the plaintiff and the defendants were taking the position that these findings were the law of the case. The defendants did not state that they believed the doctrine of the law of the case to be inapplicable, nor did they submit a brief detailing any basis for opposition. On January 16, 2001, this court issued a ruling granting what it took to be a joint request, noting that it was granting the relief that the defendants had advocated. The defendants filed no motion to reargue. On March 15, 2001, however, the defendants stated in their pretrial brief that they would "seek leave of the court at the time of trial to offer testimonial and/or documentary evidence as to the correctness of Judge Munro's finding and its adoption by this court."
Because of this indication that the defendants took the position that Judge Munro's findings in her memorandum of decision denying the motions for summary judgment should not be treated as the law of the case, the court invited argument on that issue.
This court concludes that those findings do not constitute the law of the case and do not relieve the plaintiff of the burden of presenting at trial evidence in support of its claim that the condominium ground lease at issue is unconscionable.
The doctrine of the law of the case derives from the practice of judges generally to refuse to revisit questions of law that have been decided in earlier phases of the case. Breen v. Phelps, 186 Conn. 86, 99 (1982). InBreen v. Phelps, the Supreme Court noted, however, that there are many circumstances in which the trial judge should not or may not, as an exercise of discretion, regard the conclusions reached at a prior stage of the case as conclusive. Breen v. Phelps, supra, 186 Conn. 99-100. In that case, the Supreme Court found that a judge deciding a motion for summary judgment was not bound by the doctrine of law of the case to CT Page 4013 follow a ruling on the law reached by another judge who had granted a motion to strike.
In the case before this court, the judge who heard the cross motions for summary judgment denied both of them. While Judge Munro observed that the evidentiary materials submitted by the plaintiff made a prima facie showing sufficient to support a rebuttable presumption pursuant to Conn. Gen. Stat. § 47-210 that the ground lease was unconscionable, she did not make those observations the basis of granting any relief; rather, she concluded that the defendants should have the opportunity at trial to present evidence to rebut the presumption supported by the plaintiff's submissions. Since the findings were not the stated to be the basis either for granting or denying any relief, they were dicta. DeSena v.Waterbury, 249 Conn. 63, 78 n. 16 (1999).
Judge Munro's findings concerning the plaintiff's showing of unconscionability were not made on the basis of a contested factual hearing, but only on the basis of affidavits and documents submitted pursuant to Practice Book § 17-45, which provides that a motion for summary judgment "shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." While the defendants had the opportunity to file affidavits of their own, the procedures applicable to motions for summary judgment afforded them no opportunity to cross examine the plaintiff's affiants. To hold that findings made on the basis of documentary submissions without any evidentiary hearing are conclusive of the issues at trial would be to deprive the defendants of the procedural safeguards inherent in trial procedures, notably the ability to challenge the soundness of statements made and the skill and the credibility of the person who makes them. Issues of credibility and the weight to be accorded the evidence are not made in the context of summary judgment. Suarez v. DickmontPlastics Corp., 229 Conn. 99, 107 (1994).
Cross-examination has been called "the greatest legal engine ever invented for discovery of the truth." California v. Green, 399 U.S. 149,158 (1970), citing 5 J. Wigmore, Evidence 1367 (3d Ed. 1940). The rules of court envision that each witness presented by one party shall be subject to cross-examination by other parties. Practice Book § 5-4. A case could not validly be tried in a manner that refused one party the right to cross examine some of the opponent's witnesses. If Judge Munro's findings were held to be the law of the case, precisely this result would ensue.
While findings made after an evidentiary hearing on the same issue at an earlier phase of a case are very likely to be given preclusive effect CT Page 4014 as the law of the case, the plaintiff has cited no case in which documentary submissions provided in connection with a motion for summary judgment that was denied were given such effect.
Conclusion
For the foregoing reasons, the court concludes that findings made on the basis of the documentary submissions filed in support of the cross motions for summary judgment that were denied do not constitute the law of the case and do not relieve the plaintiff from the burden of presenting proof at trial on each element of its claims. Trial will commence on July 13, 2001.
Beverly J. Hodgson Judge of the Superior Court